IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JERRY LYNN STENNIS, JR.**                                                                 **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 1:25-cv-57-TBM-RPM**

**MOSS POINT POLICE DEPARTMENT;**
**PASCAGOULA POLICE DEPARTMENT;**
*and* **JACKSON COUNTY MET TEAM**                                            **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte* on the *pro se* Plaintiff's failure to comply with Court orders [2] and [3]. Jerry Lynn Stennis, Jr., filed this action on February 28, 2025, against Defendants Moss Point Police Department, Pascagoula Police Department, and Jackson County Met Team for alleged civil rights violations. [1]. Ninety days after Stennis filed his complaint, the docket did not reflect that he had issued summons to Defendants or that summons had been returned executed. [2], p. 1 ("Rule 4(m) of the Federal Rules of Civil Procedure requires service of the summons and complaint on defendants within 90 days after filing the complaint."). On June 26, 2025, the Court entered an order [2] directing Stennis to show good cause, in writing, by July 10, 2025, why his lawsuit should not be dismissed for failure to timely serve process. The order cautioned that Stennis's failure to respond in the time allotted may result in the dismissal of his lawsuit without prejudice. *Id.* at p. 2. The Court mailed the order to the plaintiff on the same day. Stennis did not respond.

The Court issued a second order to show cause [3] on August 6, 2025. It directed Stennis to show good cause, in writing, by August 20, 2025, why his lawsuit should not be dismissed for failure to prosecute. *Id.* at p. 2. Once again, the order cautioned that Stennis's failure to respond in

the time allotted may result in the dismissal of his lawsuit without prejudice. *Id.* The Court mailed this order to Stennis as well. To date, Stennis has failed to comply with the Court's orders or otherwise litigate this action.

The Court has the authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute and obey the Court. FED. R. CIV. P. 41(b); *Connely v. City of Pascagoula*, No. 1:11-cv-293-HSO, 2013 WL 2182944, at *1 (S.D. Miss. May 20, 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). "The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the party seeking relief, in a manner to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hosp. Servs., LLC*, No. 1:14-cv-83-HSO, 2016 WL 3166581, *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). Such a "sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.*

Since Stennis has failed to comply with the Court's orders [2] and [3], the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failing to respond to a Court order.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this matter is DISMISSED WITHOUT PREJUDICE. This CASE is CLOSED.

THIS, the 26th day of September, 2025.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE